UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAHAB KHAN,

                Plaintiff,

        -against-

LYNELLE MAGINLEY-LIDDIE,

                Defendant.

25-CV-3939 (LTS)

ORDER DIRECTING UPDATED
PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Greene Correctional Facility, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request permission to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore also authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to this Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted an IFP application and a prisoner authorization, but the prisoner authorization only allows the funds deducted from the Plaintiff's prison account to be disbursed

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

to the United States District Court for the Northern District of New York. Within 30 days of the

date of this order, Plaintiff must either pay the $402.00 in fees or complete and submit the

attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be

labeled with docket number 25-CV-3939 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be

processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply

with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 12, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.