UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAHAB KHAN,<br><br>                              Plaintiff,<br><br>          -against-<br><br>LYNELLE MAGINLEY-LIDDIE; DR. PAPNNA RABCHAERA; CASSIA GRAVESANDE; DR. NUPUR DANDAWATA; DR. RIDHWAN Y. BABA; DR. VISHAL DEEPACK; DR. JARED DUBLIN; DR. THERESA TUYET-PHUYONG TRAN; ROSS McDONALD,<br><br>                              Defendants. | 25-CV-3939 (LJL)<br><br>ORDER OF SERVICE |

LEWIS J. LIMAN, United States District Judge:

      Plaintiff, who currently is incarcerated at Greene Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs when he was in the custody of the New York City Department of Correction.[1] By order dated June 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

---

[1] Plaintiff originally filed this complaint in the United States District Court for the Northern District of New York. *See Khan v. Maginley-Liddie*, No. 9:25-CV-0383 (N.D.N.Y. May 12, 2025.) By order dated May 12, 2025, the Northern District transferred the action to this court. (ECF 9.) By order dated May 12, 2025, Chief Judge Swain directed Plaintiff to submit an updated prisoner authorization for use by this court, which Plaintiff did on May 30, 2025. On June 23, 2025, without a directive from the court, Plaintiff filed an amended complaint. The amended complaint is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.    Waiver of service**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that New York City Department of Correction Commission Lynelle Maginley-Liddie and Rikers Island Chief Medical Officer Ross McDonald waive service of summons.

**B.    Service on remaining defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Papnna Rabchaera, Cassia Gravesande, Nupur Dandawata, Ridhwan Y. Baba, Vishal Deepack, Jared Dublin, and Theresa Tuyet-Phuyong Tran through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.  **Events occurring at Otisville and Green Haven Correctional Facilities**

Plaintiff alleges that various John and Jane Doe defendants violated his rights at Otisville and Green Haven Correctional Facilities.[4] Plaintiff, however, does not name these John and Jane Does as defendants in this action and he does not allege sufficient facts that would allow the New York State Department of Corrections and Community Supervision ("DOCCS"), the entity that oversees these facilities, to identify the Does. If Plaintiff wishes to bring claims arising from the events at Green Haven and Otisville, the Court grants him leave to file an amended complaint that names the John and Jane Does as defendants and includes facts that would allow DOCCS to identify them. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[4] The complaint also describes events that occurred at Gouverneur, Ulster, and Greene Correctional Facilities, although Plaintiff does not name any defendants in connection with those events. Those facilities are located in the Northern District of New York. A search of the Public Access to Court Electronic Records ("PACER") database shows that Plaintiff recently filed an amended complaint in an action he brough in the Northern District of New York that describes the same events and names defendants involved in those events. *See Khan v. Martuscello*, No. 9:25-CV-0382 (N.D.N.Y. amended complaint filed July 14, 2025).

## CONCLUSION

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that New York City Department of Correction Commission Lynelle Maginley-Liddie and Rikers Island Chief Medical Officer Ross McDonald waive service of summons.

The Clerk of Court is further directed to issue summonses for Papnna Rabchaera, Cassia Gravesande, Nupur Dandawata, Ridhwan Y. Baba, Vishal Deepack, Jared Dublin, and Theresa Tuyet-Phuyong Tran, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court grants Plaintiff leave to file an amended complaint as set forth above.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   August 5, 2025
         New York, New York

                                               _____
                                                      LEWIS J. LIMAN
                                                 United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Dr. Papnna Rabchaera
   NYC Health + Hospitals/Bellevue Prison Ward
   462 1st Avenue
   New York, NY 10016

2. Cassia Gravesande
   NYC Health + Hospitals/Bellevue Prison Ward
   462 1st Avenue
   New York, NY 10016

3. Dr. Nupur Dandawata
   NYC Health + Hospitals/Bellevue Prison Ward
   462 1st Avenue
   New York, NY 10016

4. Dr. Ridhwan Y. Baba
   NYC Health + Hospitals/Bellevue Prison Ward
   462 1st Avenue
   New York, NY 10016

5. Dr. Vishal Deepack
   NYC Health + Hospitals/Bellevue Prison Ward
   462 1st Avenue
   New York, NY 10016

6. Dr. Jared Dublin
   NYC Health + Hospitals/Bellevue Prison Ward
   462 1st Avenue
   New York, NY 10016

7. Dr. Theresa Tuyet-Phuyong Tran
   NYC Health + Hospitals/Bellevue Prison Ward
   462 1st Avenue
   New York, NY 10016